IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| STEVE TYSON, | Case No. 3:23-cv-00272 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Caroline H. Gentry |
| JUDGE MIA W. SPELLS, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff previously filed an Application to Proceed Without Prepayment of Fees (Doc. No. 1). The undersigned Magistrate Judge concluded that the application was incomplete and, further, that the information that was provided suggested that payment of the $402 filing fee would not cause Plaintiff undue hardship. The undersigned therefore ordered Plaintiff to file a ***fully completed*** application, along with a memorandum setting forth any additional grounds that the Court should consider. (Doc. No. 2, PageID 23.)

Plaintiff responded to the Court's Order by filing a second Application to Proceed Without Prepayment of Fees (Doc. No. 3). Although he was ordered to do so, Plaintiff did not ***fully complete*** that application. (*See, e.g.*, *id*. at PageID 27 (indicating that Plaintiff has cash on hand or money in a bank account but failing to indicate how much).) Nevertheless, Plaintiff provided sufficient information for the Court to reach a decision.

"Although [a] plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship." *Dehen v. Ohio State*

*Univ.*, 2:23-CV-00517, 2023 WL 2785701, at *1 (S.D. Ohio 2023) (Jolson, M.J.). The relevant inquiry is whether "the one[-]time payment of the court's filing fee will render the plaintiff unable to provide for [him]self." *Id*. Thus, "[i]n forma pauperis status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee." *Bush v. Ohio Dep't of Rehab. & Corr.*, 2:05-CV-00667, 2007 WL 4365391, at *1 (S.D. Ohio 2007) (Kemp, M.J.).

In his second Application, Plaintiff stated that he earns more than $250,000 a year, and his spouse earns $60,000. (Doc. No. 3, PageID 26.) He owns two vehicles with a combined value of $46,000, and two houses worth a combined total of $280,000. (*Id*. at PageID 27.) Although Plaintiff lists unexplained monthly payments totaling $14,000 (*id*.), his relatively high earnings still leave him with significant disposable household income per month. On this record, it is abundantly clear that requiring Plaintiff to pay a one-time filing fee of $402 will not deprive him of the necessities of life.

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees (Doc. Nos. 1 & 3) and order Plaintiff to pay the full filing fee within thirty (30) days of the date of any Order adopting this Report and Recommendation.

**IT IS SO RECOMMENDED.**

                                                */s/ Caroline H. Gentry*
                                                Caroline H. Gentry
                                                United States Magistrate Judge

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).