UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEVE TYSON, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-272 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| JUDGE MIA SPELLS, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Defendant. | : | |
| | : | |

**ENTRY AND ORDER OVERRULING OBJ. TO REPORT AND RECOMMENDATION (DOC. NO. 11); ADOPTING, IN FULL, REPORT AND RECOMMENDATION (DOC. NO. 9); AND, TERMINATING THIS CASE ON THE COURT'S DOCKET**

Presently before the Court are the Report and Recommendation (the "Report") (Doc. No. 9) issued by Magistrate Judge Caroline H. Gentry and the Obj. to Report and Recommendation (the "Objection") (Doc. No. 11) filed by Plaintiff Steve Tyson ("Tyson"). In her Report, Magistrate Judge Gentry recommends dismissing the instant action without prejudice based on Tyson's failure to timely serve the named Defendant with his Complaint (Doc. No. 1-2). Tyson's Objection consists of a single sentence, which reads, "Mia Spells case with me has time out she is not a judge in this case anymore."

If a party objects within the allotted time to a United States magistrate judge's report and recommendation, then the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The

1

Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Based on Tyson's Objection, it is unclear to the Court whether Tyson in-fact objects to the dismissal of this case. One reading of Tyson's Objection could lend itself to the understanding that because Defendant Mia Spells is no longer presiding over any case involving Tyson, Tyson no longer has any quarrel with the Defendant.

However, to the extent that Tyson argues he should not be penalized for failing to serve the Defendant because he cannot determine where to serve her, Tyson's Objection is not well-taken. The Court has made a *de novo* review of the record in this case and a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Upon said review, the Court finds that Tyson, as plaintiff, "is responsible for having the summons and complaint served within the time allowed by [Fed. R. Civ. P.] 4(m)." Fed R. Civ. P. 4(c)(1). Tyson has abdicated this responsibility and his Objection is, therefore, **OVERRULED**. The Court **ACCEPTS** the findings and recommendations made by the magistrate judge, **ADOPTS** the Report and Recommendation (Doc. No. 9) in its entirety, and **DISMISSES** the present action **WITHOUT PREJUDICE**. The Clerk is directed to **TERMINATE** this case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, October 3, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE